UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                    :
UNITED STATES OF AMERICA,                           :
                                                    :
                                                    :        **MEMORANDUM & ORDER**
              v.                                    :        21-CR-612 (WFK)
                                                    :        13-CR-349 (WFK)
DARIAN WEBSTER,                                     :
                                                    :
              Defendant.                            :
-----------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On November 20, 2023, Darian Webster ("Defendant") pled guilty to Count One of a two-count Indictment in 21-CR-612,[1] charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Plea Agreement ¶ 1, ECF No. 28. Pursuant to his plea agreement, Defendant also pled guilty to Charge One of the Violation of Supervised Release Report filed on November 24, 2021 in 13-CR-349 (the "VOSR Report"), charging Defendant with violating the mandatory condition of supervision prohibiting the commission of "another federal, state or local crime" by being a felon in possession of a firearm. Plea Agreement ¶ 1; *see also* VOSR Report, ECF No. 77, 13-CR-349. The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is hereby sentenced to time served, to be followed by three years of supervised release with the standard and special conditions, forfeiture as set forth in the Order of Forfeiture, ECF No. 31, and payment of the mandatory special assessment of $100.00.

## I. BACKGROUND

The New York City Police Department ("NYPD") and the United States Probation Office

of the Eastern District of New York ("Probation") led the investigation into the instant offense.

Presentence Investigation Report ("PSR") ¶ 4, ECF No. 33. On November 23, 2021, Probation

officers, along with others, executed an authorized search of Defendant's residence, during

which law enforcement officers found a defaced Taurus Spectrum .380 caliber semi-automatic

firearm with six rounds of ammunition under Defendant's bed. *Id.* ¶ 5; *see also* Supplemental

---

[1] All docket citations and references to "Counts" of convictions are to 21-CR-612 unless otherwise stated.

Government Sentencing Memorandum ("Suppl. Gov't Mem.") at 1-2, ECF No. 53. During the

search, law enforcement officers also seized the following weapons, ammunition, and

paraphernalia from a shed in Defendant's backyard: a Taurus G2C 9-millimeter semi-automatic

firearm loaded with eight rounds of ammunition, a Glock 19 9-millimeter semi-automatic

firearm with an extension (machine gun) loaded with 15 rounds of ammunition, seven rounds of

ammunition, and magazines and firearm straps. PSR ¶ 5; VOSR Report at 8.

Defendant was arrested on November 23, 2021. PSR ¶ 6. At the time of the instant

offense, Defendant was on supervised release for prior felony convictions imposed by this Court.

*Id.* ¶ 31. Specifically, Defendant was on supervised release for his convictions of (1) conspiracy

to distribute and possess with intent to distribute marijuana and (2) possession of a firearm in

furtherance of a drug trafficking crime. *Id.* ¶¶ 3, 31.

On November 24, 2021, Probation filed a five-Charge VOSR Report in 13-CR-349,

alleging Defendant violated his conditions of supervised release. VOSR Report at 6-7.

On December 5, 2021, a grand jury returned a two-count Indictment against Defendant

with: being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(2) (Count One), and possessing a defaced firearm, in violation of 18 U.S.C. §§ 922(k) and

924(a)(1)(B) (Count Two). Indictment ¶¶ 1-2, ECF No. 5. The Indictment also contains a

criminal forfeiture allegation as to both counts. *Id.* ¶¶ 3-4.

On November 20, 2023, Defendant entered a guilty plea to Count One of the Indictment.

Plea Agreement ¶ 1. Additionally, Defendant pled guilty to Charge One of the VOSR Report,

charging Defendant with violating the mandatory condition of supervision prohibiting the

commission of "another federal, state or local crime" by being a felon in possession of a firearm.

*Id.* ¶ 1; *see also* VOSR Report. Pursuant to the plea agreement, Defendant agreed not to file an

appeal or otherwise challenge his sentence if the Court imposed a combined term of imprisonment of 57 months or below.  Plea Agreement ¶ 4.

## II. LEGAL STANDARD

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case.  The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 49 (2007).  If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines.  18 U.S.C. § 3553(c)(2).  The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form."  *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)."  *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.).  Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant.  The Court addresses each in turn.

## III. ANALYSIS

### A.    The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).

1.        Family and Personal Background

Defendant was born on July 29, 1982 to Rudolph and Marjorie Webster in New York, New York. PSR ¶ 38. Defendant's father currently lives in Florida, and Defendant's mother—with whom Defendant had a good relationship—passed away in January 2024. *Id.* Defendant has five siblings and four paternal half-siblings, each of whom is aware of the instant offense and remains supportive. *Id.* ¶¶ 39-40. One of Defendant's sisters was fatally stabbed when she was fifteen years-old, and one of Defendant's half-sisters passed away when Defendant was younger. *Id.*

Defendant was raised in a lower-income home in Brooklyn, New York. *Id.* ¶ 41. Following his parents' separation when Defendant was in junior high school, Defendant was primarily raised by his mother with limited paternal support. *Id.* Defendant experienced horrific abuse as a child. *Id.* ¶ 42.

Defendant has never been married and has 10 children from six prior relationships. *Id.* ¶ 43; *see also id.* ¶¶ 44-52.

2.        Educational and Employment History

Defendant attended Sheepshead Bay High School from ninth through eleventh grades, having to repeat the eleventh grade. *Id.* ¶ 73. Defendant reportedly received his GED in 2017 while incarcerated. *Id.* ¶ 74; *see also* Second PSR Addendum at 4, ECF No. 41.

Defendant has held a variety of jobs in the past, including stuffing and delivering envelopes for Century 21; working as a construction laborer, automobile mechanic, and restaurant cleaner; and, on a self-employed basis, cooking and selling meals for a profit. PSR ¶¶ 76-81.

### 3. Prior Convictions

Defendant has a number of prior convictions, including: (1) criminal possession of marijuana in the fifth degree (misdemeanor); (2) petit larceny (misdemeanor); (3) driving while intoxicated ("DWI") (misdemeanor); (4) resisting arrest (misdemeanor); (5) conspiring to distribute and possess with intent to distribute marijuana (felony); and (6) and possessing a firearm in furtherance of a drug trafficking offense (felony). *Id.* ¶¶ 3, 24, 26, 28-31. Defense counsel objects to the inclusion of three prior convictions listed in the PSR's recitation of Defendant's criminal history, although the Court notes none of these convictions yield any criminal history points: (1) a felony conviction for criminal sale of a controlled substance in the third degree, which defense counsel asserts is listed as dismissed on Defendant's record of arrests and prosecutions, (2) a misdemeanor conviction for attempted criminal possession of a weapon in the fourth degree, which was predicated on Defendant's possession of a weapon—a gravity knife—which is no longer criminalized in New York, and (3) a misdemeanor conviction for criminal possession of marijuana in the fifth degree, as this has been expunged under New York State law. Sealed Defense PSR Objections at 5-6, Ex. E of Sealed Defense Sentencing Memorandum ("Sealed Def. Mem."), ECF No. 39; *see also* PSR ¶¶ 25, 27-28.

### 4. Physical and Mental Health

Defendant has had numerous head injuries throughout his life, including childhood head trauma, concussions during high school sports, and injuries stemming from being hit in the head with a bat in 2005. PSR ¶ 56; Sealed Def. Mem. at 1-2; *see also* PSR ¶ 68. Defendant was also shot in the head in approximately 2009 or 2010. PSR ¶ 58. Because the bullet grazed Defendant's skull, he required multiple layers of stitches and continues to suffer from residual head tingling, dizziness, and short-term memory loss. *Id.* Defendant has been shot on two other

occasions:  Defendant was shot in the back in 2009 and in the chest prior to the instant arrest.  *Id.*
¶¶ 57, 61.  In 2011, Defendant broke his ankle while riding an ATV and fleeing police.  *Id.* ¶ 59.

He continues to suffer residual pain from this injury, which did not heal properly.  *Id.*  In recent

years, Defendant has suffered and sought treatment for shortness of breath and tightness in his

chest.  Second PSR Addendum at 4.  Defendant also reports having repeatedly lost consciousness

while incarcerated due to sleep apnea, resulting in him hitting his head on his cell wall on three

occasions and experiencing dizziness when regaining consciousness.  PSR ¶ 62.  Defendant

reports having repeatedly requested a CPAP machine while in custody at the Metropolitan

Detention Center, but never receiving the machine.  Second PSR Addendum at 4.

Defendant reports having spoken with a school counselor following his sister's murder in

the early 1990s.  PSR ¶ 64.  Defendant further reports grief over deceased family and friends,

including two children lost to miscarriages.  *Id.* ¶ 67.  The neuropsychological report submitted

with defense counsel's sentencing submission—and referenced in the PSR—provides further

detail on Defendant's mental state.  *See* Ex. A to Sealed Def. Mem.

5.      Substance Abuse

Defendant reported drinking alcohol only on special occasions, but drinking to excess

when he does so.  *Id.* ¶ 71.  Defendant has a prior DWI conviction, and as part of his sentence he

was required to attend an alcohol abuse program.  *Id.*

From 1997 through Defendant's arrest for the instant offense, Defendant smoked

marijuana about four times a week.  *Id.* ¶ 72.  Defendant has twice been court-ordered to attend

outpatient substance abuse treatment programs.  *Id.*  Defendant also attended outpatient drug

treatment while on supervised release for his prior federal conviction.  Second PSR Addendum at

4.

6.      Nature and Circumstances of the Offense

The Court's previous statements make clear the nature and circumstances surrounding the instant offense. *See supra* Part I.

**B.      The Need for the Sentence Imposed**

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offenses, which involved possessing a firearm while knowing he had previous felony convictions. *See supra* Part I. Defendant committed the instant offense while on supervised release for prior convictions before this Court of marijuana distribution conspiracy and possessing a firearm in furtherance of a drug trafficking crime. *Id.* The Court's sentence will deter others from engaging in similar acts and justly punishes Defendant for his crimes.

**C.      The Kinds of Sentences Available**

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Count One of the Indictment and to Charge One of the VOSR Report. Plea Agreement ¶ 1.

For Count One, Defendant faces a maximum term of imprisonment of 10 years and no minimum term of imprisonment. 18 U.S.C. §§ 922(g)(1) and 924(a)(2). For Charge One of the

VOSR Report, Defendant faces a maximum term of imprisonment of five years and no minimum

term of imprisonment. 18 U.S.C. §§ 3583(e)(3) and 3583(g). For Count One, Defendant faces a

maximum term of supervised release of three years. 18 U.S.C. § 3583(b)(2). If a condition of

release is violated, Defendant may be sentenced to up to two years without credit for pre-release

imprisonment or time previously served on post-release supervision. 18 U.S.C. §§ 3583(e). For

Charge One of the VOSR Report, Defendant faces a maximum term of supervised release of five

years, less any term of imprisonment imposed upon the revocation of supervised release. 18

U.S.C. § 5383(h). Pursuant to 18 U.S.C. § 3561(c)(1), Defendant is eligible for a term of

probation of not less than one nor more than five years on Count One because it is a Class C

felony. If a term of probation is imposed, a fine, restitution, or community service must be

imposed, unless extraordinary circumstances exist. 18 U.S.C. § 3563(a)(2).

Defendant faces numerous other penalties. Defendant faces a maximum fine of

$250,000.00. 18 U.S.C. § 3571(b)(3). However, Defendant's financial profile indicates he is

unable to pay a fine. PSR ¶ 85. The Court is required to impose a mandatory special assessment

of $100.00 pursuant to 18 U.S.C. § 3013(a)(2)(A). Defendant is also subject to the terms of the

Order of Forfeiture entered on January 31, 2024, which, by its terms, becomes final at this

sentencing. Order of Forfeiture.

### D.    The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the

sentencing range established for . . . the applicable category of offense committed by the

applicable category of defendant as set forth in the guidelines." *Id.* § 3553(a)(4)(A).

The applicable Guideline for felon in possession offenses is U.S.S.G. §2K2.1, which

provides a base offense level of 20 because the offense involved a semiautomatic firearm capable

of accepting a large capacity magazine.  U.S.S.G. §2K2.1(a)(4)(B).  Because the offense

involved three or more firearms, two levels are added pursuant to U.S.S.G. §2K2.1(b)(1)(A).

Four further levels are added pursuant to U.S.S.G. §2K2.1(b)(4)(B)(i) because Defendant

possessed a defaced firearm.  Defendant's timely acceptance of responsibility results in a three-

level reduction pursuant to U.S.S.G. §3E1.1.  Altogether, Defendant has a total adjusted offense

level of 23.  All parties agree with these calculations.  Fourth PSR Addendum at 1, ECF No. 56;

Suppl. Gov't Mem. at 2, 3 n.2.

       All parties agree Defendant's prior conviction for marijuana distribution conspiracy does

not qualify as a controlled substance offense under the Guidelines.  Suppl. Gov't Mem. at 2;

Unsealed Defense PSR Objections at 2, Ex. E of Unsealed Defense Sentencing Memorandum

("Unsealed Def. Mem."), ECF No. 38; Fourth PSR Addendum at 1, ECF No. 56.  The Court

agrees with this analysis.

       Probation calculates Defendant's criminal convictions result in a criminal history score of

three, yielding a criminal history category of II.  PSR ¶¶ 32-33.  All parties appear to agree with

this calculation.  *See generally* Suppl. Gov't Mem. at 2; PSR ¶¶ 32-33; Unsealed Def. Mem. at 2.

While defense counsel makes a number of objections to Probation's recitation of Defendant's

criminal history, none of these objections changes Defendant's criminal history score or

category.  Sealed Defense PSR Objections at 5-6.  These objections presumably seek to

undermine Probation's contention that an upward departure may be warranted because

Defendant's criminal history category understates Defendant's criminal history.  *See* PSR ¶ 100.

       Based on a criminal history category of II and a total offense level of 23, Defendant's

Guidelines sentencing range for Count One is 51 to 63 months of imprisonment.  U.S.S.G. Ch. 5,

Pt. A.  All parties agree with these calculations, which the Court adopts.  Fourth PSR Addendum at 1; Suppl. Gov't Mem. at 2, 3 n.2.

In addition, the recommended Guidelines range of imprisonment for Charge One of the VOSR Report is 18 to 24 months.  U.S.S.G. §7B1.4(a) (Policy Statement).  While Probation does not calculate the recommended Guidelines range for Charge One, both the Government and defense counsel agree with these calculations, which the Court adopts.  Suppl. Gov't Mem. at 2; Unsealed Def. Mem. at 2; *see also* Plea Agreement ¶ 2 (so stipulating).  If the terms of imprisonment for Count One and Charge One were to run consecutively, as permitted by the Guidelines, Defendant's total effective Guidelines range of imprisonment would be 69 to 87 months.  *See* U.S.S.G. §7B1.3(f) (Policy Statement); Application Note 4 to U.S.S.G. §7B1.3 (Policy Statement).

The parties' recommendations as to an appropriate sentence vary.

Probation recommends a sentence of 54 months of incarceration, two years of supervised release with special conditions, and a $100.00 special assessment for Count One.  Second Revised Probation Recommendation at 1, ECF No. 56-1. Probation bases its recommendation on the seriousness of Defendant's possession of a firearm while on supervised release for prior felony offenses; Defendant's extensive criminal history, which Probation contends is not accurately reflected in Defendant's criminal history score and which has done little to deter Defendant from engaging in criminal conduct; and Defendant's difficult childhood circumstances, including his experiences with poverty and abuse.  *Id.* at 2-3.  Probation notes any prison sentence imposed for Defendant's pending VOSR charge may be imposed consecutively to the recommended 54 months on Count One.  *Id.* at 3.

Defense counsel recommends the Court sentence Defendant to time served, which was 32 months of imprisonment as of August 2024. Unsealed Def. Mem. at 2. Primarily, defense counsel argues a sentence of time served will enable Defendant to access the resources and treatment discussed in Defendant's neurological evaluation and the comprehensive services plan created for Defendant by the Federal Defenders. *Id.* at 4; *see generally* Sealed Def. Mem. Defense counsel further argues a sentence of time served is warranted in light of: (1) the harsh conditions of confinement Defendant faced at the Metropolitan Detention Center ("MDC"), including COVID-19 lockdowns, violence, and inadequate medical care; (2) the difficult circumstances of Defendant's supervised release, which began shortly after the COVID-19 lockdown in 2020; (3) Defendant's role in supporting his children, including multiple minor children; (4) the need to avoid unwarranted sentencing disparities among other individuals sentenced for gun possession convictions in this district, who regularly receive below-Guidelines sentences; and (5) Defendant's traumatic upbringing, which included horrific abuse, the murder of his sister and loss of other close relatives, and significant head injuries. Unsealed Def. Mem. at 4-9. Defense counsel makes further arguments in support of a sentence of time served in its sealed sentencing submission, which the Court has read and considered. *See* Sealed Def. Mem.

This Court has read and considered the exhibits to defense counsel's submissions, which include: a neuropsychological report submitted by Dr. Jason Krellman, which provides important insights into Defendant's mental state, Ex. A to Sealed Def. Mem.; the proposed reentry services plan prepared by the Federal Defenders, which outlines numerous services available to Defendant in light of Dr. Krellman's report, Ex. B to Sealed Def. Mem.; the letters of support written by Defendant's family members and supporters, including two of Defendant's minor children, which describe Defendant as a good person and loving and committed father and

friend, Ex. C to Sealed Def. Mem.; Ex. to Supplemental Defense Memorandum, ECF No. 42;

Second Supplemental Defense Exhibits, ECF No. 55; and certain of Defendant's prison records,

including three workplace performance ratings, certificates of coursework completion, and a list

of items confiscated and disposed of by the prison, Ex. D to Unsealed Def. Mem; Second Suppl.

Def. Exs. The Court appreciates these submissions and the words Defendant's advocates have

said on his behalf.

The Government recommends a below-Guidelines sentence of 21 to 27 months of

imprisonment on Count One and a sentence of 18 to 24 months of imprisonment on Charge One.

Suppl. Gov't Mem. at 1. The Government does not specify whether these terms of imprisonment

should run consecutively or concurrently, but notes the Guidelines allow the Court to impose any

such imprisonment consecutively. *Id.* at 3. At sentencing, the Government clarified it was

recommending a sentence of between 18 months (which is less than time served by the

Defendant) and 51 months of imprisonment. In so recommending, the Government points to the

following factors: Defendant's criminal history, including his prior firearm and narcotics

offenses, Gov't Mem. at 3; Defendant's commission of the instant offense while on supervised

release, which, the Government contends, both demonstrated Defendant's "unwilling[ness] to

follow the rules and the law" and posed a heightened threat to probation officers, *id.*;

Defendant's commitment to "taking steps to address his alcohol addiction and anger

management issues," which contributed to his criminal behavior," *id.*; the need for both specific

and general deterrence, *id.* at 4; and the fact the plea agreement, which excluded multiple

firearms enhancements, would have contemplated a Guidelines range of 21 to 27 months of

imprisonment for Count One in light of recent Second Circuit caselaw, Suppl. Gov't Mem. at 2-

3.

This Court appreciates the sentencing arguments raised by all parties and has considered each of these arguments in turn.

### E.    Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

Probation notes an upward departure may be considered pursuant to U.S.S.G. §4A1.3 (Policy Statement) because, in its view, Defendant's criminal history category significantly underrepresents the severity of Defendant's criminal history. *See* PSR ¶ 100. Additionally, the parties have referenced U.S.S.G. §7B1.3(f) (Policy Statement), which provides in part that "[a]ny term of imprisonment imposed upon the revocation of probation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving," in submissions to the Court. *See* Plea Agreement ¶ 1; Second Revised Probation Recommendation at 3; *see also* Application Note 4 to U.S.S.G. §7B1.3 (Policy Statement). The parties have not expressly drawn the Court's attention to any other applicable policy statements. Finding none on its own, the Court proceeds to the next § 3553(a) factor.

### F.    The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Defendant argues a below-Guidelines sentence would avoid unwarranted sentencing disparities, citing numerous cases in this District where other Defendants convicted of gun possession offenses received below-Guidelines sentences. Unsealed Def. Mem. at 9 (citing cases). While at least five of the defendants in these cited cases were on parole when they

committed the relevant offense and at least four of the cases involved a discharged firearm, the Court notes it does not appear any of these cases involved sentences for both firearm or ammunition possession offenses *and* a violation of supervised release charge. For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G.    The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7).

Restitution is inapplicable in this case under 18 U.S.C. § 3663A.

### IV. CONCLUSION

For the reasons set forth above, the Court imposes a sentence of time served; three years of supervised release with both the standard conditions of supervised release and special conditions; and the mandatory $100.00 special assessment. Forfeiture is ordered in accordance with the Order of Forfeiture at ECF No. 31. This sentence, which encompasses both the Count One of the Indictment and Charge One of the VOSR, is sufficient but no greater than necessary to accomplish the purposes of § 3553(a)(2). The Court does not impose a fine given Defendant's apparent inability to pay.

The Court expressly adopts the factual findings of the Presentence Investigation Report and addenda thereto, ECF Nos. 33, 34, 41, 45, and 56, barring any errors therein, to the extent those findings are not inconsistent with this opinion.

**SO ORDERED.**

**s/ WFK**

14

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 4, 2024
Brooklyn, New York